**BURCH & CRACCHIOLO, P.A.**
1850 N. CENTRAL AVENUE, SUITE 1700
PHOENIX, ARIZONA 85004
TELEPHONE (602) 274-7611
FACSIMILE (602) 234-0341

Theodore A. Julian, Jr., SBN 012765
tjulian@bcattorneys.com
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MAGGIE BERTRAND, a married woman, individually, | Cause No:_____ |
| Plaintiffs, | (Maricopa County CV2020-007774) |
| v. | |
| QUIKTRIP CORPORATION, a corporation; DOES I-III; | **DEFENDANT'S NOTICE OF REMOVAL** |
| Defendants. | |

PLEASE TAKE NOTICE that Defendant QuikTrip Corporation, through undersigned counsel, hereby removes the above-captioned action from the Superior Court of Maricopa County, Arizona to the United States District Court for the District of Arizona, Phoenix Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Rule 3.7 of the Rules of Practice of the United States District Court for the District of Arizona. Defendant respectfully states:

/ / /

/ / /

1.     Plaintiff Maggie Bertrand alleges to have sustained personal injuries as a result of a slip and fall incident that occurred on July 15, 2018 at QuikTrip Store No. 1404 in Gilbert, Arizona (Compl., ¶ 7).

2.     Plaintiff alleges that QuikTrip Corporation ("QuikTrip"), owned, possessed, operated, maintained and/or managed the premises and failed to maintain the premises in a reasonably safe condition (Compl., ¶ 6).

3.     On or about July 7, 2020, Plaintiff commenced this action against QuikTrip in the Maricopa County Superior Court bearing Cause No. CV2020-007774.

4.     On the same date, Plaintiff filed a Certificate of Compulsory Arbitration stating that the case was not subject to compulsory arbitration.

5.     The Plaintiff alleges that the total claimed damages qualify the matter as a Tier 2 case pursuant to Rule 8(b)(2) and Rule 26.2 of the Arizona Rules of Civil Procedure (Compl., ¶ 12).

6.     There are no allegations in the Complaint or the Pray for Relief stating the amount of the claimed damages.

7.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because QuikTrip has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.   QUIKTRIP HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

8.     QuikTrip was served with the Summons and Complaint on September 25, 2020.  Defendant QuikTrip filed its Answer on October 7, 2020.  The Plaintiff served her Initial Rule 26.1 Disclosure Statement on November 10, 2020.  The Disclosure

Statement alleges special damages for past medical expenses totaling $49,825.67 and an unspecified amount in general damages for pain, suffering, anxiety, and other general aspects of her injuries.  On November 17, 2020, Plaintiff's counsel forwarded a draft Joint Report and Proposed Scheduling Order which stated that "[w]hile pleaded as a Tier 2 discovery case, the parties stipulate and agree that this matter should be assigned to Tier 3 for good cause…"  Pursuant to Rule 26.2(c), the tier to which a case is assigned is determined by either:  (1) stipulation or motion, for good cause shown; (2) placement by the Court based on the characteristics of the case; or (3) the sum of the relief sought in the Complaint, and any counterclaims or cross claims.  Pursuant to Rule 26.2(c)(3), a Tier 2 action involves claims of more than $50,000 and less than $300,000 in damages.  A Tier 3 case involves actions claiming $300,000 or more in damages.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

9.      No previous application has been made for the relief requested herein.

10.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.7, copies of all pleadings filed in Superior Court are attached as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d) and Local Rule 3.7, a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Maricopa County Superior Court.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDITION PURSUANT TO 28 U.S.C. §§ 1332 AND 1442.

11.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount and controversy exceeds the sum of $75,000, exclusive of costs and interests, and is between citizens of different states.

### A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP.

12.      There is complete diversity as between Plaintiff and Defendant QuikTrip.

- 3 -

13.     Plaintiff alleges that she is a resident of the State of Arizona. (Compl., ¶ 1).  Plaintiff does not allege any alternative state of residence.  Public records from the Maricopa County Recorder's Office show that Maggie Bertrand and Michael Bertrand have joint ownership with rights of survivorship of a residential property located at 2818 E. Maplewood Street, Gilbert, AZ, 85297.  This is the same home address provided by plaintiff in the incident report she filled out on the date of loss.  Arizona is the state in which Plaintiff is domiciled and, therefore, the state in which Plaintiff is a citizen.

14.     Plaintiff alleges that Defendant QuikTrip is a corporation that caused an event to occur in Maricopa County, Arizona.  Defendant QuikTrip Corporation is a domestic for-profit business corporation which was incorporated in the State of Oklahoma.   QuikTrip's principal place of business is in the State of Oklahoma. QuikTrip Corporation is a citizen of Oklahoma for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

**B.     THE   AMOUNT   IN   CONTRAVERSY   REQUIREMENT   IS SATISFIED.**

15.     Plaintiff alleges that she slipped and fell "sustaining injuries, including, but not limited to injuries to her left shoulder, left elbow and head (Compl., ¶ 8). Plaintiff further alleges that she "incurred health care expenses and may continue to incur such expenses".  Compl., ¶ 9).  Finally, Plaintiff claims to have "experienced pain, discomfort, suffering, annoyance, mental and emotional distress, loss of enjoyment of life, and other types of general damage…"

16.     The Complaint alleges that the "total claim damages qualify this matter as a Tier 2 case" and the Prayer for Relief requests "reasonable compensatory damages in

excess of this Court's jurisdictional minimum, taxable costs, and all other appropriate relief."

17.    The Complaint itself does not specify a monetary amount of the claim damages, other than the Tier 2 certification that the damages sought are more than $50,000 and less than $300,000.

18.    In the calculation of damages in Plaintiff's Initial Rule 26.1 Disclosure Statement, Plaintiff claimed past medical expenses of $49,825.67.    There is no calculation or dollar figure claimed for the general damages for pain and suffering, nor an allegation specifying the total amount of claim damages.

19.    In the Proposed Joint Reports admitted by Plaintiff on November 10, 2020, Plaintiff proposes that the parties stipulate and agree that the matter should be assigned to Tier 3 for purposes of discovery.   This is evidence that Plaintiff is now seeking damages in excess of the $75,000 jurisdictional threshold for diversity of citizenship jurisdiction.   See *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 578 (Ariz. 2003.) (Holding that Certificate of Compulsory Arbitration was relevant in determining the amount in controversy.)

WHEREFORE, Defendant QuikTrip Corporation, respectfully removes this action from the Arizona Superior Court in and For the County of Maricopa, bearing Cause No. CV2020-007774, to this Court pursuant to 28 U.S.C. § 1441.

DATED this  10th day of December, 2020.

**BURCH & CRACCHIOLO, P.A.**

By: *s/ Theodore A. Julian, Jr.*
　　　Theodore A. Julian, Jr.
　　　702 East Osborn Road, Suite 200
　　　Phoenix, Arizona 85014
　　　*Attorneys for Defendant QuikTrip*
　　　*Corporation*

- 5 -

**CERTIFICATE OF SERVICE**

Undersigned counsel for Defendant certifies that a true and correct copy of the foregoing document was served via electronic mail this 10th day of December, 2020, to:

Sara Thomas, Esq.
**JONES | RACZKOWSKI PC**
2141 East Camelback Road, Suite 100
Phoenix, AZ  85016-4723
sthomas@azpremiseslaw.com



                            s/ Pam Holmes
                            Pam Holmes

# EXHIBIT A

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

Case Number CV2020-007774

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Sara A. Siesco

Attorney Bar Number 027803

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

**COPY**

JUL 7 2020

CLERK OF THE SUPERIOR COURT
A. MITTELSTAEDT
DEPUTY CLERK

---

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Maggie Bertrand | 2818 East Maplewood Street, Gilbert, Arizona 85297 | (480)307-5943 | |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)

QuickTrip Corporation

(List additional Defendants on page two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected. State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.**

☐ Amount Claimed $_____     ☐ Tier 1     ☒ Tier 2     ☐ Tier 3

### NATURE OF ACTION

Place an "X" next to the <u>one</u> case category that most accurately describes your primary case. Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.

#### 100 TORT MOTOR VEHICLE:

☒101 Non-Death/Personal Injury\*

☐102 Property Damage\*
☐103 Wrongful Death\*

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 3

CV10f – 010119

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence*
☐ 112 Product Liability – Asbestos*
☐ 112 Product Liability – Tobacco*
☐ 112 Product Liability – Toxic/Other*
☐ 113 Intentional Tort*
☐ 114 Property Damage*
☐ 115 Legal Malpractice*
☐ 115 Malpractice – Other professional*
☒ 117 Premises Liability*
☐ 118 Slander/Libel/Defamation*
☐ 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*        ☐ 123 Hospital*
☐ 122 Physician D.O*         ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*
☐ 132 Promissory Note*
☐ 133 Foreclosure*
☐ 138 Buyer-Plaintiff*
☐ 139 Fraud*
☐ 134 Other Contract (i.e. Breach of Contract)*
☐ 135 Excess Proceeds-Sale*
☐ Construction Defects (Residential/Commercial)*
    ☐ 136 Six to Nineteen Structures*
    ☐ 137 Twenty or More Structures*
☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*
☐ 151 Eviction Actions (Forcible and Special Detainers)*
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment

☐ 158 Quiet Title*
☐ 160 Forfeiture*
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)*
☐ 187 Real Property *
☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute – Other*
☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)*
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only*
☐ 177 Interpleader– Automobile Only*
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*          ☐ 163 Other*

☐ 196 Verified Rule 45.2 Petition

☐ 195(a) Amendment of Marriage License                    (Specify)

☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge

☐ Employer Sanction     ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

# COPY



Sara Siesco (027803)
**JONES | RACZKOWSKI PC**
2141 East Camelback Road, Suite 100
Phoenix, Arizona 85016-4723
(602) 840-8787 Fax (602) 840-0425
ssiesco@azpremiseslaw.com

JUL - 7 2020

CLERK OF THE SUPERIOR COURT
A. MITTELSTAEDT
DEPUTY CLERK

Attorneys for Plaintiff

## SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

| Maggie Bertrand, a married woman, individually; | NO. CV2020-007774 |
|---|---|
| Plaintiff; | COMPLAINT |
| v. | (Tort; Non-Motor Vehicle) |
| Quiktrip Corporation, a corporation; Does I-III; | |
| Defendants. | |

Plaintiff Maggie Bertrand alleges:

1.    Plaintiff Maggie Bertrand is a resident of Maricopa County, Arizona.

2.    Defendant Quiktrip Corporation is a corporation that caused an event to occur in Maricopa County, Arizona and is doing business in Maricopa County, Arizona.

3.    Specifically, Defendant Quiktrip Corporation owned, possessed, operated, and managed the gas station premises commonly known as "QuickTrip" located at 3720 S. Val Vista Dr., Gilbert, Arizona on July 15, 2018.

4.    Does I–III are corporations, partnerships, other entities or individuals other than Defendant Quiktrip Corporation that owned, possessed, operated, maintained, and/or managed the gas station premises commonly known as "QuickTrip" located at 3720 S. Val Vista Dr., Gilbert, Arizona on July 15, 2018.

5.    The actions, omissions and conduct giving rise to this cause of action occurred in Maricopa County, Arizona, and this Court has subject matter and personal jurisdiction.  Venue is appropriate in Maricopa County pursuant to A.R.S. §12-401.

6.    As the owners, possessors, operators, and managers of the gas station premises commonly known as "QuickTrip" located at 3720 S. Val Vista Dr., Gilbert Arizona, Defendant Quiktrip Corporation and/or Does I-III had an affirmative duty to maintain the premises and chattels, including the gasoline dispensers and pumps, in reasonably safe condition as to invitees, and delegation of that duty does not relieve Defendants from their affirmative duty.

7.    On July 15, 2018, at the premises of Defendant Quiktrip Corporation and/or Does I-III, commonly known as "QuickTrip", located at 3720 S. Val Vista Dr., Gilbert, Arizona, Plaintiff was injured as a direct and proximate result of an unreasonably dangerous condition and/or activity, specifically a gasoline dispenser and/or pump that was defective and not in reasonably safe condition in addition to an unmarked liquid and/or unmarked gasoline on the ground at or near Pump #1, as to which Defendant Quiktrip Corporation and/or Does I-III created, had actual or constructive notice, or were otherwise negligent in allowing to be present on the premises.

8.    On July 15, 2018, Plaintiff parked her vehicle in front of Pump #1, got out of her vehicle, began walking forward, and slipped on an unmarked liquid and/or unmarked gasoline causing her to fall to the ground sustaining injuries, including but not limited to injuries to her left shoulder, left elbow, and head.

9.    Plaintiff has incurred health care expenses for treatment of the injuries caused by Defendants' negligence, and Plaintiff may continue to incur such expenses.

1      10.    Plaintiff has incurred a loss of wages, earnings and earning capacity,
2    and other benefits and/or opportunities because of the injuries caused by
3    Defendants' negligence.

4      11.    Plaintiff has experienced pain, discomfort, suffering, annoyance, mental
5    and emotional distress, loss of enjoyment of life, and other types of general damage
6    because of the injuries caused by Defendants' negligence, and Plaintiff may
7    continue to experience such general damages in the future; the exact amount of
8    Plaintiff's general damages is undetermined, but in excess of the jurisdictional
9    minimum of this Court.

10     12.    Plaintiff further alleges her total claimed damages qualify this matter as
11   a Tier 2 case pursuant to Rule 8(b)(2) and Rule 26.2(c) of the Arizona Rules of Civil
12   Procedure.

13     WHEREFORE, Plaintiff requests judgment against Defendants for reasonable
14   compensatory damages in excess of this Court's jurisdictional minimum, taxable
15   costs, and all other appropriate relief.

16     DATED this 7th day of July, 2020.

JONES│RACZKOWSKI PC

By Sara Siesco
Attorneys for Plaintiff

Sara Siesco (027803)
JONES | RACZKOWSKI PC
2141 East Camelback Road, Suite 100
Phoenix, Arizona 85016-4723
(602) 840-8787 Fax (602) 840-0425
ssiesco@azpremiseslaw.com

Attorneys for Plaintiff

**COPY**

JUL - 7 2020



CLERK OF THE SUPERIOR COURT
A. MITTELSTAEDT
DEPUTY CLERK

## SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

Maggie Bertrand, a married woman, individually;

    Plaintiff;

v.

Quiktrip Corporation, a corporation;
Does I-III;

    Defendants.

NO. CV2020-007774

**CERTIFICATE OF NON-COMPULSORY ARBITRATION**

The undersigned certifies the largest award sought by the Plaintiff, including punitive damages, but excluding interest, attorneys' fees and costs *does* exceed the limits set by Local Rule for compulsory arbitration, and certifies that this case *is not* subject to compulsory arbitration as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this 7th day of July, 2020.

JONES | RACZKOWSKI PC

By Sara Siesco
Attorneys for Plaintiff

1

2

3   Original filed; Copy hand-delivered
this 7th day of July, 2020, to:

4

5   Court Administration
MARICOPA COUNTY SUPERIOR COURT
201 West Jefferson - 4th Floor

6   Phoenix, Arizona 85003

7

8   By:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# ORIGINAL

1
    Sara Siesco (027803)
2
**JONES|RACZKOWSKI PC**
    2141 East Camelback Road, Suite 100
3
    Phoenix, Arizona 85016-4723
    (602) 840-8787 Fax (602) 840-0425
4
    ssiesco@azpremiseslaw.com

5   Attorneys for Plaintiff

6

       **SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY**

7

| | |
|---|---|
| Maggie Bertrand, a married woman, individually; | **NO. CV2020-007774** |
| | **SUMMONS** |
|     Plaintiff; | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at |
| v. | 602-257-4434 |
| | or |
| Quiktrip Corporation, a corporation; Does I-III; | www.maricopalawyers.org |
| | Sponsored by the |
|     Defendants. | Maricopa County Bar Association |

8
9
10
11
12
13
14

15   TO **DEFENDANT(S):**    _QUIKTRIP CORPORATION_

16                    c/o CT Corporation Systems, Statutory Agent
3800 North Central Avenue, Suite 460
17                    Phoenix, Arizona 85012

18
    You are hereby summoned and required to appear and defend in the above
19
entitled action in the above entitled court within TWENTY DAYS exclusive of the
20
day of service after service of this summons upon you if served within the State of
21
Arizona, and within THIRTY DAYS exclusive of the day of service if served without
22
the State of Arizona, and you are hereby notified that in case you fail so to do,
23
judgment by default will be rendered against you for the relief demanded in the
24
complaint.
25
    Requests for reasonable accommodation for persons with disabilities must be
26
made to the division assigned to the case by party needing accommodation or
his/her counsel at least THREE (3) JUDICIAL DAYS in advance of a scheduled court

1    proceeding. Requests for an interpreter for persons with limited English proficiency

2    must be made to the division assigned to the case by the party needing the

3    interpreter and/or translator or his/her counsel at least TEN (10) JUDICIAL DAYS in

4    advance of a scheduled court proceeding.

5       The name and address of the attorney for the Plaintiff is:

6

7                 Sara A. Siesco
                **JONES | RACZKOWSKI PC**

8        2141 East Camelback Road, Suite 100
          Phoenix, Arizona 85016-4723

9

10       GIVEN UNDER MY HAND and the seal of the Superior Court of the State of

11    Arizona in and for said County this date:

12

13                 JEFF FINE
                Clerk of the Superior Court

14                                        SEP 2 2 2020

15

16

17                            Deputy Clerk

18                                  C. Jacobsen

19

20

21

22

23

24

25

26

 **CT Corporation**

**Service of Process Transmittal**
09/25/2020
CT Log Number 538304794

TO: Marshall Wells
QuikTrip Corporation
4705 S 129th East Ave
Tulsa, OK 74134-7008

RE: **Process Served in Arizona**

FOR: QuikTrip Corporation  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Maggie Bertrand, etc., Pltf. vs. Quicktrip Corporation, etc., et al., Dfts. // To: QuikTrip Corporation |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CV2020007774 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/25/2020 at 13:24 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/25/2020, Expected Purge Date: 09/30/2020<br><br>Image SOP<br><br>Email Notification,  Marshall Wells  mwells@quiktrip.com<br><br>Email Notification,  Kristen Snow  ksnow@quiktrip.com<br><br>Email Notification,  Ronald Collins  rcollins@quiktrip.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / MG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**COPY**

JUL - 7 2020



CLERK OF THE SUPERIOR COURT
A. MITTELSTAEDT
DEPUTY CLERK

1
2
3
4

Sara Siesco (027803)
JONES|RACZKOWSKI PC
2141 East Camelback Road, Suite 100
Phoenix, Arizona 85016-4723
(602) 840-8787 Fax (602) 840-0425
ssiesco@azpremiseslaw.com

5  Attorneys for Plaintiff

6  **SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY**

7
8

Maggie Bertrand, a married woman,
individually;

9        Plaintiff;

10  v.

11
12

Quiktrip Corporation, a corporation;
Does I-III;

13        Defendants.

14

NO.  CV2020-007774

**CERTIFICATE OF NON-COMPULSORY ARBITRATION**

15

16        The undersigned certifies the largest award sought by the Plaintiff, including

17  punitive damages, but excluding interest, attorneys' fees and costs ***does*** exceed

18  the limits set by Local Rule for compulsory arbitration, and certifies that this case

19  ***is not*** subject to compulsory arbitration as provided by Rules 72 through 76 of the

20  Arizona Rules of Civil Procedure.

21

22        DATED this 7th day of July, 2020.

23                    JONES|RACZKOWSKI PC

24

25

26

By Sara Siesco
Attorneys for Plaintiff

Original filed; Copy hand-delivered
this _7th_ day of July, 2020, to:

Court Administration
MARICOPA COUNTY SUPERIOR COURT
201 West Jefferson - 4th Floor
Phoenix, Arizona 85003

By:

1  **BURCH & CRACCHIOLO, P.A.**
   1850 N. CENTRAL AVENUE, SUITE 1700
2  PHOENIX, ARIZONA 85004
   TELEPHONE (602) 274-7611
3  FACSIMILE (602) 234-0341

4  Theodore A. Julian, Jr., SBN 012765
   *tjulian@bcattorneys.com*
5  *Attorney for Defendants*

6

7              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF MARICOPA**

9

10 MAGGIE BERTRAND, a married woman,
   individually,
11                                              NO.  CV2020-007774

12              Plaintiffs,
       v.
13
   QUIKTRIP CORPORATION, a corporation;      **ANSWER TO COMPLAINT**
14 DOES I-III;

15              Defendants.

16

17

18
       Defendant QuikTrip Corporation, for its answer, hereby admits, denies and
19
   alleges as follows:
20
       1.     With respect to the allegations contained in paragraphs 1-3, 5 and 12,
21
   admit, upon information and belief.
22
       2.     With respect to the allegations contained in paragraphs 4 regarding
23
   fictitious defendants, no affirmative response is required and this Defendant is
24
   otherwise without sufficient information to form a belief as to the truth of the
25
   allegations and therefore denies same.
26

3.     With respect to the allegations contained in paragraph 6, admit that defendant owed a duty of reasonable care to invitees lawfully on the premises and deny that defendant breached any duty to plaintiff.

4.     With respect to the allegations contained in paragraph 7, deny.

5.     With respect to the allegations contained in paragraphs 8-11, this Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

## **AFFIRMATIVE DEFENSES**

Defendant denies every allegation or claim unless specifically admitted herein.

6.     The Complaint fails to state a claim upon which relief can be granted.

7.     Defendant denies that Plaintiff has sustained injuries that are legal responsibility of this Defendant.

8.     Plaintiff's damages, if any, are diminished in whole or in part by the contributory or comparative fault of the Plaintiff.

9.     Because Defendant has not had the opportunity to complete an investigation, additional affirmative defenses may be applicable, and Defendant reserves the right to amend their Answer to include additional affirmative defenses as may be supported by the facts and evidence.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant QuikTrip Corporation requests the following:

A.     That Plaintiff's Complaint be dismissed, and Plaintiff take nothing thereby;

B.     That judgment be entered in favor of Defendant QuikTrip;

C.     That this answering Defendant be awarded its taxable costs; and

D.     For such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 7th day of October, 2020.

**BURCH & CRACCHIOLO, P.A.**

By: /s/ Theodore A. Julian, Jr.
      Theodore A. Julian, Jr.
      702 East Osborn Road, Suite 200
      Phoenix, Arizona 85014
      *Attorneys for Defendant QuikTrip*
      *Corporation*

**ORIGINAL** of the foregoing e-filed
and one **COPY** of the foregoing mailed
this 7th day of October, 2020, to:

Sara Siesco, Esq.
JONES RACZKOWSKI PC
2141 East Camelback Road, Suite 100
Phoenix, Arizona  85016-4723
ssiesco@azpremiseslaw.com
*Attorneys for Plaintiff*

By: /s/ Pam Holmes

- 3 -

1   **BURCH & CRACCHIOLO, P.A.**
    1850 N. Central Avenue, Suite 1700
2   Phoenix, Arizona 85004
    Telephone (602) 274-7611
3   Facsimile (602) 234-0341

4   Theodore A. Julian, Jr., SBN 012765
    *tjulian@bcattorneys.com*
5   *Attorney for Defendants*

6

7                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                   **IN AND FOR THE COUNTY OF MARICOPA**

9

10  MAGGIE BERTRAND, a married woman,
    individually,
11                                                    NO.  CV2020-007774

12              Plaintiffs,
            v.
13
    QUIKTRIP CORPORATION, a corporation;    **CERTIFICATE OF**
14  DOES I-III;                             **AGREEMENT REGARDING**
                                            **COMPULSORY ARBITRATION**
15              Defendants.

16

17

18

19          The undersigned agrees with the Certificate of Arbitration filed by Plaintiffs.

20  This case is NOT subject to compulsory arbitration.

21

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

RESPECTFULLY SUBMITTED this 7th day of October, 2020.

**BURCH & CRACCHIOLO, P.A.**


By: _/s/ Theodore A. Julian, Jr._
             Theodore A. Julian, Jr.
             702 East Osborn Road, Suite 200
             Phoenix, Arizona 85014
             _Attorneys for Defendant QuikTrip_
             _Corporation_




**ORIGINAL** of the foregoing e-filed
and one **COPY** of the foregoing mailed
this 7th day of October, 2020, to:

Sara Siesco, Esq.
JONES | RACZKOWSKI PC
2141 East Camelback Road, Suite 100
Phoenix, Arizona 85016-4723
ssiesco@azpremiseslaw.com
_Attorneys for Plaintiff_




By: _/s/ Pam Holmes_

- 2 -

**BURCH & CRACCHIOLO, P.A.**
1850 N. Central Avenue, Suite 1700
Phoenix, Arizona 85004
Telephone (602) 274-7611
Facsimile (602) 234-0341

Theodore A. Julian, Jr., SBN 012765
tjulian@bcattorneys.com
*Attorney for Defendants*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MAGGIE BERTRAND, a married woman, individually,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>QUIKTRIP CORPORATION, a corporation; DOES I-III;<br><br>　　　　　　　Defendants. | NO.  CV2020-007774<br><br>**DEFENDANT'S NOTICE OF NON-PARTY AT FAULT**<br><br>[Assigned to the Honorable Pamela Gates] |

　　　　COMES NOW Defendant QuikTrip Corporation, by and through counsel undersigned, and pursuant to Rule 26(b)(5), Arizona Rules of Civil Procedure, and A.R.S. § 12-2506(B) to identify the following as a non-party at fault in the above-entitled action:

　　　　**Unidentified customer responsible for spraying gasoline on the concrete driveway around the gas pump island at Defendant's premises just prior to plaintiff's arrival at the premises which was the cause of plaintiff's claimed fall and injuries.**

/ / /

/ / /

DATED this 10th day of November, 2020.

**BURCH & CRACCHIOLO, P.A.**

By: ___/s/ *Theodore A. Julian, Jr.*___
        Theodore A. Julian, Jr.
        1850 North Central Avenue, Suite 1700
        Phoenix, AZ  85004
        *Attorneys for Defendant QuikTrip*
        *Corporation*

**ORIGINAL** of the foregoing was e-filed
with the Clerk of Court and a copy was
e-mailed this 10th day of November, 2020, to:

Sara Siesco
**JONES RACZKOWSKI PC**
2141 East Camelback Road, Suite 100
Phoenix, AZ  85016-4723
ssiesco@azpremiseslaw.com
*Attorneys for Plaintiff*

By: /s/ *Pam Holmes*

Sara Thomas (027803)
**JONES | RACZKOWSKI | THOMAS PC**
2141 East Camelback Road, Suite 100
Phoenix, Arizona 85016-4723
(602) 840-8787 Fax (602) 840-0425
sthomas@azpremiseslaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

| | |
|---|---|
| Maggie Bertrand, a married woman, individually; | NO. CV2020-007774 |
| Plaintiff; | **NOTICE OF CHANGE OF PLAINTIFF'S COUNSEL'S NAME AND NOTICE OF FIRM NAME CHANGE** |
| v. | |
| Quiktrip Corporation, a corporation; Does I-III; | (Assigned to the Honorable Pamela Gates) |
| Defendants. | |

Plaintiff Maggie Bertrand, through counsel, hereby gives notice that counsel Sara Siesco was recently married and effectuated a name change.  Specifically, her name has been changed from Sara Siesco to Sara Thomas, and her email has changed from ssiesco@azpremiseslaw.com to sthomas@azpremiseslaw.com. Her address and phone number remain the same.

Plaintiff Maggie Bertrand, through counsel, gives further notice that as of November 30, 2020, **JONES | RACZKOWSKI PC** has changed its name to **JONES | RACZKOWSKI | THOMAS PC.**  The firm address, telephone and facsimile numbers remain the same.

. . .

. . .

. . .

1    DATED this 30th day of November, 2020.

2                              JONES | RACZKOWSKI | THOMAS PC

3                              /s/ **Sara Thomas**

4                              _____

5                              By Sara Thomas
                              Attorneys for Plaintiff

6

7    E-filed; Copy e-mailed this 30th day of November, 2020 to:

8

9    Todd Julian
     **BURCH AND CRACCHIOLO, P.A.**

10   1850 N. Central Ave., Suite 1700
     Phoenix, AZ 85004

11   tjulian@bcattorneys.com
     pholms@bcattorneys.com

12   dwedlake@bcattorneys.com
     *Attorneys for Defendant Quiktrip Corporation*

13

14

15   /s/ **Sylvia Rivera**

16

17

18

19

20

21

22

23

24

25

26